**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Theresa Sampson</u>

    v.                                                    Civil No. 07-cv-253-JM

<u>J-PAC, LLC</u>

<u>**ORDER**</u>

Plaintiff moves to remand this case to the state court. She also moves for payment of attorneys fees and costs incurred by removal and remand. Defendant objects.

<u>Background</u>

The removed petition seeks equitable relief and damages. (Document No. 4). It seeks front and back pay, compensatory damages, enhanced compensatory damages and as equitable relief: (1) attorneys' fees and costs; (2) damages to offset tax burden; (3) the institution of an anti-discrimination program; (4) five years of private anti-discrimination audits; and (5) fees to review the program and audit. In accordance with New Hampshire law, the petition does not contain an ad damnum. The suit was filed on January 22, 2007.

In a pre-suit mediation statement, plaintiff's counsel stated that if the case went to trial the then-modest financial

loss of $15,000.00 and the fees incurred of $14,000.00 would escalate. She pointed out that in the event it went to trial, fees would exceed $100,000, that the average successful discrimination suit in New Hampshire has been $100,000.00 and that the range of enhanced/punitive damages award has been $75,000.00 – $1,000,000.00.

On May 18, 2007, as part of her document production, plaintiff provided a calculation of her $19,034 lost pay claim. That calculation was also marked as Exhibit 30 to plaintiff's May 24th deposition. As of the date of that deposition, plaintiff testified that she could not say whether it would take more or less than $75,000.00 to compensate her for her problems with J-PAC.

In its Notice of Removal (Document No. 1), defendant bases its claim that the amount in controversy exceeds $75,000 on the following:

A. <u>July 16, 2007 demand</u>:

| | | |
|---|---|---|
| 1. | Emotional distress | $11,000 |
| 2. | Back pay | $19,034 |
| 3. | Legal fees | <u>$28,021</u> |
| | <u>TOTAL</u> | <u>$58,055</u> |

    B.    <u>Equitable Relief[1] Claims</u>:

"Costs well in excess of $17,000."

TOTAL well in excess of $75,000.

Defendant has provided no evidence of the "value" of the claimed equitable relief.

<u>Discussion</u>

The party invoking federal jurisdiction has the burden of demonstrating the appropriateness of removal by establishing that the jurisdictional amount has been met.  <u>See</u> <u>Spielman v. Genzyme Corp.</u>, 251 F.3d 1, 5 (1st Cir. 2001).  "(A)ll doubts about federal jurisdiction are resolved in favor of remand to state court."  <u>McCoy by Webb v. General Motors Corp.</u>, 226 F. Supp. 2d 939, 943 (D.N.D. Ill. 2002).

Normally the sum claimed by the plaintiff would control the determination of jurisdictional amount.  <u>Spielman</u>, 251 F.3d at 5.  However, New Hampshire's prohibition against an <u>ad</u> <u>damnum</u> in personal actions prevented plaintiff from claiming any sum in this petition.  <u>See</u> N.H. RSA 508:4-C.  In cases where the "complaint does not specify an amount of damages, the Court must

---

[1] Neither party briefed plaintiff's standing to seek any of the forms of equitable relief claimed, except for attorneys' fees.

independently appraise the plaintiff's claims as set forth in the complaint..." Buchanan v. Lott, 255 F. Supp. 2d 326, 331 (D.N.J. 2003). Where no specific damages are claimed, a removing defendant must prove the jurisdictional amount by a preponderance of the evidence. Gilman v. BHC Services, Inc., 104 F. 3d 1418, 1421 (2d Cir. 1997).

Defendant, in attempting to meet its burden in part, also offers Sampson's interrogatory answers of August 15, 2007 (Document No. 10-6). This document shows the same total as the July 16, 2007 demand, namely $58,055, but also lists five items of equitable relief. It is the cost of complying with the last four equitable requests which defendant relies upon to reach the jurisdictional requirement of a sum in excess of $75,000.00.

However, in a suit under New Hampshire statute, a court is only granted the power to "award all damages and relief which could have been awarded by the commission... (and) enhanced compensatory damages..." N.H. RSA 354-A:21-a(i). The commission's powers are enumerated in N.H. RSA 354-A:21 II(d). They do not include the power to provide the relief sought in the prayers for equitable relief, paragraphs G-J, of the "Petition" as set out in Document No. 4. In other words, these prayers for

equitable relief can not be awarded to plaintiff and have no value.[2]  The amount in controversy does not exceed $75,000.00 and the court is without subject matter jurisdiction.

Given the relief sought by plaintiff the removal was not objectively unreasonable.  Plaintiff's request for attorneys fees is denied.

The case is remanded to the Strafford County Superior Court.

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:  December 21, 2007

cc:    Nancy Richards-Stower, Esq.
       Marc W. McDonald, Esq.

---

[2] Defendant can not rely on the likelihood that attorneys' fees will increase to send the case over $75,000.00 because that is no less or more likely now than it was on day one of the suit. Removal on this basis would be untimely.